DREW, J.
| tin this partition of community property proceeding, Leona Wilson appeals judgments in favor of her former husband, San Juan Wilson.
We affirm.
PACTS'
Leona and San Juan were married in 1997. In 2011, Leona filed for a La. C.C. art. 102 divorce. A judgment of divorce was rendered the following year.
On October 19, 2012, San Juan filed a petition for partition. Leona filed her detailed descriptive list (“DDL”) on December 6, 2012. San Juan filed his traversal of her DDL on March 28, 2013. He also filed his own DDL on that same date.
On July 26, 2013, San Juan filed a motion to have his DDL approved. The next month, the trial court ruled that San Juan’s DDL would be the one used at the trial on the partition of community property and it would be the final list of all assets, liabilities, and reimbursement claims of the parties. The court also appointed the appraiser of the former matrimonial domicile.
On January 30, 2014, San Juan filed a motion to set the partition for trial, which the court set for trial on April 10. Leona was served through her attorney on February 5.
Neither Leona nor her attorney was present in court for the partition trial. After accepting evidence and hearing testimony from San Juan, the trial court ruled that:
• San Juan was awarded, ownership of the former matrimonial domicile.
[>• San Juan was also given 100% equity in the home as an offset from his reimbursement claims.
• Leona was ordered to indorse insurance checks to pay for roof repairs performed on the former marital home.
• Leona owed $36,175.39 to San Juan as an equalization payment for equity in the former marital home, division of assets, one-half of the liabilities listed on San Juan’s DDL; and the reimbursement claims listed on San Juan’s DDL.
• Leona was given ownership of all the items listed on San Juan’s DDL as in her possession. These had a value of $54,763.07.
• San Juan was given ownership of all the items listed on his DDL as in his possession. These had a value of $6,414.99.
Leona filed a motion to vacate and set aside the judgment and request a partial new trial. She argued. that a new trial was warranted because her attorney, Frank Brown, did not agree to the trial date that was set by ex parte order. She contended that Brown had no genuine belief that the matter would proceed to trial and excusably failed to calendar the trial date. She further averred that she would have objected to the trial proceeding due to apparent conflicts and the appearance of impropriety involving politics and judicial candidacy. Finally, she argued she was extremely prejudiced by her inability to present evidence of her payments on the community’s debts since the date of separation and evidence of the offsets she was entitled to as shown on her DDL.
The trial court denied the relief sought by Leona. She appealed the judgment partitioning the property as well the judgment denying her motion for new trial.
|..DISCUSSION

Motion for new trial

Leona argues that the trial court erred in denying her motion to vacate the *788 judgment and for a partial new trial. It appears that she was seeking her partial new trial under the court’s discretionary-power. La. C.C.P. art. 1973 provides the trial court with discretionary authority to grant a new trial in any case if there is good ground therefor. Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84. The trial court’s discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Id.
At the hearing on her motion for new trial, Brown claimed that he had not been consulted about any potential trial dates. He also asserted that when he was served with the order setting the partition for trial, he was making funeral arrangements for his brother, who had died a week earlier. He said he took the motion vrith him without reading 'it or calendaring it when he went to the funeral home; Brown argued this was “excusable neglect.”
It appears from the record that Brown did not respond to letters to him from San Juan’s attorney, Ronald Miciotto, between August of 2013, when the court ruled that it would use San Juan’s DDL, and January 2014, when San Juan filed his motion to set the partition for trial.[1]
|4On September 19, '2013, Miciotto faxed a letter to Brown in which he requested the current balance on the mortgage. Mi-ciotto also told Brown in this letter to contact the appraiser if he had- not received his copy of the appraisal or paid the appraiser. It is unclear whether one of the undated letters from Brown was a response to this letter as Brown wrote in it that he was enclosing the “correct balance” on the mortgage.
On October 22, 2013, Miciotto faxed a letter to Brown regarding a proposal about the house. Miciotto listed the house as having $31,318.26 in total equity. This was based on a $196,186.90 value (appraised value plus $10,468.49 in checks from State Farm and $2,718.41 in additional checks from State Farm) minus-the current mortgage of $164,868.64. He asked Brown to let him know if Leona agreed to the proposal and if she had a proposal about how to divide the other community property listed on San Juan’s DDL.
On January 29, 2014, Miciotto faxed a letter to Brown. He wrote that it had been several months since he had sent a proposal regarding the former matrimonial domicile but had not received a response. Miciotto reiterated the earlier proposal regarding the home. He also made a proposal about community movables. ' He finished by stating that he was filing a motion to set the matter for trial, so Brown was to respond in a timely fashion if he was interested in working out an agreement. The motion to set the partition for trial was filed the following day.
| ¡(Miciotto faxéd a letter to Brown on January 30, 2014, in which he wrote that he was forwarding copies of bills that were community debts and he wanted Leona to forward half of the balance of these bills.
Leona complains that the partition was set for trial without consultation or agreement. However, her attorney knew from the January 29 letter that a motion to set it for trial would be 'filed. This was after there was a lack of communication on her attorney’s part in response to letters from San Juan’s attorney; Just as significant, there was no effort by Leona to set a trial date. She possibly had a desire to main *789 tain the status quo since she remained in the former matrimonial domicile at the time.
Moreover, her attorney was served with the order setting the trial almost two months before the trial was held, That was more than enough time for Brown to revisit the order that .he had placed aside when facing the difficulty of his brother’s death. Brown could have sought a continuance during that period if he was not prepared to proceed to trial. Finally, the trial judge noted for the record. at the partition trial that his staff had tried to contact Brown for a week to set up a pretrial conference in this matter.
Based on this record, we cannot conclude that the trial court abused its discretion in denying Leona’s motion to vacate the judgment and for a partial new trial.

Partition

Leona next argued that the trial court erred in dividing the property as it did. She contended that San Juan failed to make a prima facie case.
| Various documents were introduced into evidence at the trial. The court heard testimony from San Juan as well.
We note that Leona never traversed San Juan’s DDL. Nevertheless, the trial court did not accept the figures and claims on his DDL without questioning them. In fact, the trial court rejected San Juan’s reimbursement claims of $900 in cash given to Leona, $10,000 paid toward bills from his separate property, and $20,000 from his retirement fund.
We find no merit in Leona’s arguments.
DECREE
At Leona’s costs, the judgment is AFFIRMED.

. On three occasions in June and July of 2013, Brown either mailed a letter or sent a fax to Miciotto regarding the roof repairs and an account statement. There are also two undated letters from Brown to Miciotto. One concerned the balance on the mortgage. The other concerned setting a trial date for the partition.